UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYSON D. TUCKER, | * |
| | * |
| Plaintiff, | * |
| | * |
| | *   **COMPLAINT** |
| V. | * |
| | * |
| CENTERLINE LOGISTICS | * |
| CORPORATION AND HARLEY | * |
| MARINE NY, INC., | * |
| | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JURY TRIAL DEMANDED**

Plaintiff, TYSON D. TUCKER, claims of the Defendants, CENTERLINE LOGISTICS CORPORATION AND HARLEY MARINE, NY, INC., damages upon the following causes of action:

**JURISDICTION, PARTIES, AND FACTUAL STATEMENTS**

1. Plaintiff, Tyson D. Tucker (hereinafter, "Plaintiff"), is a citizen of the State of Alabama and at all relevant times is and was a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. § 30104.

2. On or about August 16, 2022 and at all relevant times Defendant, CENTERLINE LOGISTICS CORPORATION (hereinafter "Centerline"), was a domestic corporation duly organized and existing under the laws of the State of Washington, and was/is doing business in the States of New York and New Jersey.

3. On or about August 16, 2022 and at all relevant times hereinafter mentioned Defendant Centerline was and is a foreign corporation doing business in the State of New York.

1

4. On or about August 16, 2022 and at all relevant times hereinafter mentioned Defendant, HARLEY MARINE NY, INC. (hereinafter "Harley Marine"), was and is a domestic corporation duly organized and existing under the laws of the State of Washington, and was/is doing business in the States of New York and New Jersey.

5. On or about August 16, 2022 and at all relevant times hereinafter mentioned Defendant Harley Marine was and is a foreign for-profit corporation that is doing business in the State of New York.

6. On or about August 16, 2022, Plaintiff was employed by Centerline as a tankerman aboard the tug C.F. CAMPBELL and/or the Barge FLACO.

7. On or about August 16, 2022, Plaintiff was employed by Harley Marine as a tankerman aboard the tug C.F. CAMPBELL and/or the Barge FLACO.

8. The jurisdiction of this Court over this claim arises, inter alia, under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., and the General Maritime Law, the Admiralty jurisdiction of the United States. Nothing in these jurisdictional allegations is to be construed as a waiver of the Plaintiff's right to a jury trial in Plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at Plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

9. At all relevant times, and on or about August 16, 2022, Defendant Centerline, owned and/or controlled the tugboat known as the C.F. CAMPBELL.

10. On or about August 16, 2022, Defendant Centerline operated the C.F. CAMPBELL.

11. On or about August 16, 2022, Defendant Centerline managed the C.F. CAMPBELL.

12. On or about August 16, 2022, Defendant Centerline maintained the C.F. CAMPBELL.

13. On or about August 16, 2022, Defendant Centerline possessed the C.F. CAMPBELL.

14. At all relevant times, and on or about August 16, 2022, defendant Centerline was the C.F. CAMPBELL's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

15. At all relevant times, and on or about August 16, 2022, Defendant Harley Marine, owned and/or controlled the C.F. CAMPBELL.

16. On or about August 16, 2022, Defendant Harley Marine operated the C.F. CAMPBELL.

17. On or about August 16, 2022, Defendant Harley Marine managed the C.F. CAMPBELL.

18. On or about August 16, 2022, Defendant Harley Marine maintained the C.F. CAMPBELL.

19. On or about August 16, 2022, Defendant Harley Marine possessed the C.F. CAMPBELL.

20. At all relevant times, and on or about August 16, 2022, Defendant Harley Marine was the vessel's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

21. At all relevant times, and on or about August 16, 2022, Defendant Centerline, owned and/or controlled a certain vessel known as the Barge FLACO.

22. On or about August 16, 2022, Defendant Centerline operated the Barge FLACO.

23. On or about August 16, 2022, Defendant Centerline managed the Barge FLACO.

24. On or about August 16, 2022, Defendant Centerline maintained the Barge FLACO.

25. On or about August 16, 2022, Defendant Centerline possessed the Barge FLACO.

26. At all relevant times, and on or about August 16, 2022, defendant Centerline was the Barge FLACO's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

27. At all relevant times, and on or about August 16, 2022, Defendant Harley Marine, owned and/or controlled the Barge FLACO.

28. On or about August 16, 2022, Defendant Harley operated the Barge FLACO.

29. On or about August 16, 2022, Defendant Harley managed the Barge FLACO.

30. On or about August 16, 2022, Defendant Harley maintained the Barge FLACO.

31. On or about August 16, 2022, Defendant Harley possessed the Barge FLACO.

32. At all relevant times, and on or about August 16, 2022, defendant Harley was the Barge FLACO's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

33. The vessel presently is, or during the pendency of this action, will be within the Judicial District in which this action has been commenced.

34. Throughout his employment, at all relevant times herein, and on or about August 16, 2022, Plaintiff was in the employ of the Defendant Centerline as a seaman and as a tankerman, at the rate of pay and for the term set forth in his employment contract, his shipping articles, with the entitlement to bonus, found and overtime.

35. Throughout his employment, at all relevant times herein, and on or about August 16, 2022, Plaintiff was in the employ of the Defendant Harley Marine as a seaman and as a tankerman, at the rate of pay and for the term set forth in his employment contract, his shipping articles, with the entitlement to bonus, found and overtime.

36. At all relevant times, and on August 16, 2022 and at all times during his employment, Plaintiff contributed to the function of the vessels C.F. CAMPBELL and Barge FLACO (the "vessels") and the accomplishment of their mission.

37. At all relevant times, and on August 16, 2022 and at all times during his employment, Plaintiff's employment was connected to the vessels and was substantial in terms of duration and nature.

38.  On or about May 18, 2023, Plaintiff filed suit in the Superior Court for the State of Washington in and for the County of King against the Defendants herein with respect to injuries he suffered working for them.

39.  On or about June 7, 2023, counsel for Defendants forwarded correspondence requesting dismissal of the suit in King County Superior Court claiming the court lacked personal jurisdiction over the Jones Act employer and the vessels' operator. Plaintiff agreed to voluntarily dismiss the suit without prejudice, relying on representations from Defendants agreeing they would appear without objection to in personam personal jurisdiction in any proceeding Plaintiff properly commenced in New York or New Jersey on a without prejudice basis, with all rights reserved.

40.  On or about June 20, 2023, Plaintiff filed a motion dismissing without prejudice the pending action in King County Superior Court.

## AS FOR A FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

41.  Plaintiff hereby repeats and reiterates each and every one of the allegations made above as if fully stated herein.

42.  On or about August 16, 2022, while the vessel was in navigable waters, Plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the C.F. CAMPBELL and the Barge FLACO and the negligence, recklessness and carelessness of the Defendants, their employees, crew and/or representatives and Defendants' violation of the Jones Act, was caused to sustain the serious and permanent injuries more specifically set forth hereunder and as discovery will reveal.

43.  On or about August 16, 2022, Plaintiff, while in the course of his employment, and with the consent and knowledge of the Defendants, was performing labors in furtherance of the vessels'

5

owners' business and while in the process of doing so, was caused to suffer serious and permanent injuries, more fully set forth herein.

44. On or about August 16, 2022, Plaintiff was caused to sustain severe and permanent injuries to his lumbar spine and left lower extremity, while in the course of performing his assigned duties.

45. On or about August 16, 2022, and at all relevant times herein, Defendants had a non-delegable duty to provide Plaintiff a safe place to work.

46. On or about August 16, 2022, and at all relevant times herein Defendants breached their non-delegable duty to provide Plaintiff a safe place to work.

47. On or about August 16, 2022, Plaintiff's injuries were caused by the joint and several negligence, carelessness, and/or recklessness of Defendants, their agents, crew, servants, workmen and employees; by the unseaworthiness of the vessel; and by Defendants' violation of the Jones Act and their breach of the obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

48. On that day plaintiff was on the Barge FLACO handling a line from the Tug C.F. CAMPBELL. Plaintiff was heaving the line in as the tug backed down, then without warning or reason, the tug reversed its direction violently tugging on plaintiff as he struggled to keep the line from falling into the water where it could and would have gotten sucked into the tug's propellers, causing immense physical and economic damage. The violent thrust of the line wrenched and twisted plaintiff's body causing serious and permanent injuries.

49. By reason of the joint and several negligence, carelessness, and/or recklessness of the Defendants, their vessels, crews, employees, representatives, servants and/or agents, and by reason of the unseaworthiness of the vessels as set forth above, Plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he was

6

caused to sustain disc herniations of the lumbar spine and undergo surgery; Plaintiff also sustained injuries to his left knee; he has in the past required, and will in the future require medical treatment, care and attention; he has in the past been, and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings, and loss of maritime found.

50. By reason of the foregoing, Plaintiff claims compensatory damages for past, present and future pain and suffering, lost earnings, medical bills and lost benefits, in amounts to be determined by the trier of fact.,

## AS FOR A SECOND CAUSE OF ACTION - UNSEAWORTHINESS

51. Plaintiff repeats and reiterates each and every one of the allegations made above, as if fully stated herein.

52. On or about August 16, 2022, while the vessels were in navigable waters, Plaintiff in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessels C.F. CAMPBELL and Barge FLACO, was caused to sustain the serious and permanent injuries specifically set forth herein.

53. On or about August 16, 2022, the Defendants' vessels C.F. CAMPBELL and Barge FLACO were unseaworthy in that their crew was not properly trained and there also existed other defects, faults, hazards and unseaworthy conditions as discovery shall reveal.

54. On or about August 16, 2022 and at all relevant times herein Plaintiff's injuries were caused by the negligence, carelessness, and/or recklessness of the Defendants, jointly and severally, the

Defendants' agents, servants, workmen and employees, and by the unseaworthiness of the vessel, and by each Defendants' breach of its non-delegable duties, including but not limited to the obligation to provide prompt and adequate medical care, treatment, maintenance and cure to the Plaintiff.

55. By reason of the negligence, carelessness, and/or recklessness of the Defendants and by reasons of the unseaworthiness of the vessels as set forth above, Plaintiff suffered serious injuries described above and herein. Among other injuries he suffered herniated lumbar disc(s) requiring surgical intervention and injuries to his leg(s) and other organs and body parts. Plaintiff will in the future require medical treatment, care and attention; he has in the past been, and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings, and loss of maritime found.

56. By reason of the foregoing, Plaintiff claims compensatory damages for pain and suffering (past, present and future), medical bills, lost wages and benefits in an amount to be determined by the trier of fact.

## AS FOR A THIRD CAUSE OF ACTION: MAINTENANCE AND CURE

57. Plaintiff claims of the Defendants maintenance and cure, attorneys fees and costs and punitive damages, in such amount as may be determined by the Court upon the following cause of action.

58. Plaintiff repeats and re-alleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

59. The jurisdiction of this Court over this cause of action arises under and by virtue of the admiralty and maritime jurisdiction of the District Courts of the United States, as well as the rights appurtenant to plaintiff under the Jones Act, 46 U.S.C. § 30104.

60. Because of plaintiff's injuries and disability being incurred in service to the vessels, as aforesaid, plaintiff is entitled to maintenance and cure from Defendants.

61. Plaintiff has demanded Defendants provide him with maintenance and cure but Defendants have wrongly, unjustifiably and unreasonably refused to provide same. Plaintiff has shown to Defendants that he suffers from injuries and conditions caused by events occurring to him on the vessel while he was in service to the vessel. For those injuries and conditions he has shown Defendants he needs medical care (cure), including additional surgery. He has shown Defendants that he has not reached maximum medical improvement from those injuries and conditions. He has on several occasions appropriately and fully made demands upon Defendants to provide him with maintenance and cure, but Defendants refuse to provide same to the extent required.

62. Plaintiff, by virtue of his service upon the vessels, claims maintenance, cure and wages and punitive damages, if warranted and attorneys fees and costs in an amount which the Court shall deem just and proper upon the trial of this cause.

63. All and singular, the premises contained in this third cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants, and that this Honorable Court enter judgment for plaintiff together with interest, costs, and counsel fees; and for such compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as is determined to be due and owing upon the trial of this cause,

and for such interest, costs, punitive damages and counsel fees as the Court and jury may deem just and proper.

Dated: New York, New York  
      April 10, 2025

HOFMANN & SCHWEITZER  
*Attorneys for Plaintiff*

By: _____  
Paul T. Hofmann (PH1356)  
212 West 35th Street, 12th Floor  
New York, NY 10001  
Tel: 212-465-8840  
paulhofmann@hofmannlawfirm.com

-AND-

OFFICE OF CAPTAIN ROBERT K. LANDSEN  
*Attorney for Plaintiff*  
By: Robert K. Landsen (LA Bar #25441)  
158 South 6th Street  
Ponchatoula, LA 70454  
Tel: 985-370-9006  
robert@captainlansden.com  
To Be Admitted Pro Hac Vice