UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TYSON TUCKER,

                Plaintiffs,

    -against-

CENTERLINE LOGISTICS
CORPORATION, HARLEY MARINE
FINANICING, LLC, HARLEY MARINE
SPECIAL LEASING, LLC, HARLEY
MARINE, NY, INC., and ENCINA
EQUIPMENT FINANCE 2022-1, LLC,

             Defendants.

**MEMORANDUM AND ORDER**
Case No. 1:25-cv-02004 (FB) (TAM)

*Appearances:*
*For the Plaintiff:*
DARIO ANTHONY CHINIGO
NICOLE VERA
PAUL T. HOFMANN
Hofmann & Schweitzer
360 West 31st Street. Suite 1506
New York, NY 10001

ROBERT K LANSDEN
Office of Captain Robert K. Lansden
P.O. Box 473
158 South 6th Street
Ponchatoula, LA 70454

*For Defendants*
GINO ZONGHETTI
ROBERT ANTHONY SUAREZ
Kaufman Dolowich & Voluck, LLP
25 Main Street, Suite 500
Hackensack, NJ 07601

**BLOCK, Senior District Judge:**

Defendants Centerline Logistics Corporation ("Centerline"), Harley Marine Financing,

LLC ("HMF"), Harley Marine Special Leasing, LLC ("HMSL"), and Harley Marine NY, Inc.

("HMNY") move to compel arbitration and stay this action. Plaintiff Tyson Tucker opposes the

motion and moves to declare the arbitration agreement void or unenforceable. For the following

reasons, defendants' motion is **GRANTED** and plaintiff's motion is **DENIED**.

## I.    Background

This action arises out of injuries Tucker sustained while working aboard a ship in Puerto Rico. The following is taken from the Amended Complaint (Dkt. No. 10) and the Joint Statement of Facts (Dkt. No. 29).

In December 2020, Tucker applied for a job with Centerline. Centerline thereafter offered Tucker a job with its subsidiary, HMNY. After Tucker accepted the offer, Centerline provided him with various onboarding documents, including an arbitration agreement, titled "NJ Binding Arbitration." Joint Statement of Facts Ex. E. Tucker executed the agreement, which provided as follows:

> You and the Company, including any parents, sisters, or subsidiaries, agree that any claim, dispute or controversy arising out of or relating to your offer letter, or the breach thereof, or based upon your employment relationship or the termination thereof with the Company (but excluding workers' compensation and unemployment insurance claims), shall use arbitration as described herein as the sole and exclusive forum, subject to the "Opt-Out" provisions described herein. This includes claims, disputes or controversies brought under federal, state, industrial welfare commission orders, or local laws. This includes, but is not limited to, tort claims, wage claims, premium pay, overtime, meal or rest periods, one day's rest in seven violations, payday or payroll violations, sick leave, leave period claims (such as FMLA), wrongful termination, discrimination, retaliation, or harassment claims, or any other claim based upon any ordinance, statute, regulation, administrative rule, judicial decision, or common law related to, involving or interpreting the employment relationship. This agreement to arbitrate is completely voluntarily. Whether you elect to sign this agreement or not is your choice. Your employment will not be affected in any way whether you choose to sign or not. Even if you elect to sign this agreement, you also have 30 days to opt-out of the arbitration agreement.

*Id*.

Tucker began working for HMNY and was assigned to the barge FLACO. On August 16, 2022, he was injured during a line heaving incident involving FLACO and the tug C.F. CAMPBELL (both of which are operated by HMNY). Tucker alleges that he sustained severe and disabling injuries. He has brought claims for negligence under the Jones Act, 46 U.S.C. §

2

30104, a claim under the general maritime law doctrine of unseaworthiness, and a claim for maintenance and cure.

## II.   Discussion

### A. Jurisdiction

The Court's maritime jurisdiction, under Article 3, Section 2 of the Constitution, extends to cases involving maritime torts and contracts. *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 65 (2d Cir. 2012). Actions brought under the Jones Act confer exclusive maritime jurisdiction on federal courts. 28 U.S.C. § 1333. And employment contracts for sailors likewise confer federal maritime jurisdiction. *Kossick v. United Fruit Co.*, 365 U.S. 731, 735(1961).

Tucker alleges maritime torts under the Jones Act and federal common law. His employment contract, for service aboard HMNY's ships, is a maritime employment contract. *See id*. And the parties agree that the arbitration agreement is part of the employment contract. *See* Def.'s Mot., 6; Pl.'s Mot., 5–6. Accordingly, this case arises under the Court's admiralty jurisdiction and federal maritime law applies. *Garanti Finansal Kiralama A.S.*, 697 F.3d at 69 ("[O]nce a federal court exercises admiralty jurisdiction, only federal maritime law—generally federal common law—applies[.]").

Tucker incorrectly argues that New Jersey law, not federal law, governs because New Jersey has the most important state interest in this case. Precedent is clear, however, that "when a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." *Norfolk S. Ry. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 22-23, 125 S. Ct. 385, 392 (2004). This dispute is not inherently local; thus, federal maritime law, not state law, controls.

### B.  Motion to Compel Arbitration

To resolve a motion to compel arbitration, courts apply a two-step approach to determine: "(1) whether the parties have entered into a valid agreement to arbitrate; and if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). However, here, the parties have chosen to delegate to the arbitrator the authority to determine whether an issue can be arbitrated—an approach sanctioned by the Supreme Court. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68– 70, 130 S. Ct. 2772, 2777 (2010). Thus, the Court's role here is narrow, limited to determining solely whether the parties have entered into a valid agreement.

Tucker contends that the agreement is not valid because (1) the Federal Arbitration Act ("FAA") precludes such agreements; (2) the Jones Act precludes such agreements; and (3) the agreement was procured through misrepresentation. He also contends that, even if valid and enforceable, the agreement does not cover this dispute. The Court is not persuaded.

As a preliminary matter, Tucker asserts that seamen are accorded special status when it comes to arbitration agreements. Case law is to the contrary. *Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328, 339–40 (S.D.N.Y. 2010). Nor is there any general policy against arbitration agreements in the maritime context; indeed, there is a long history of arbitration in admiralty cases. *Red Cross Line v. Atl. Fruit Co.*, 264 U.S. 109, 122 (1924) ("In admiralty . . . agreements to submit controversies to arbitration are valid. Reference of maritime controversies to arbitration has long been common practice.").

The FAA provides a framework governing arbitration agreements and generally requires courts to enforce valid agreements. *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 478 (1989). But, as the parties agree, under its definition of "maritime transactions" in Section 1, the FAA

excludes "contracts of employment of seamen" from its terms. 9 U.S.C. § 1. The parties disagree, however, about what FAA's Section 1 "exclusion" means.

Tucker believes that it means employment contracts are exempt from all arbitration agreements. However, "the effect of Section 1 [of the FAA] is merely to leave the arbitrability of disputes in the excluded categories as if the Arbitration Act had never been enacted." *Mason-Dixon Lines, Inc. v. Int'l Bhd. of Teamsters, etc.*, 443 F.2d 807, 809 (3d Cir. 1971). Section 1's "exclusion" means that "the enforcement mechanisms of the FAA are not available." *Valdes v. Swift Transp. Co.,* 292 F. Supp. 2d 524, 529 (S.D.N.Y. 2003). Thus, "[t]he inapplicability of the FAA does not render the parties' arbitration provision unenforceable." *Diaz v. Michigan Logistics Inc.*, 167 F.Supp.3d 375, 381 (E.D.N.Y. 2016).

Tucker next argues that the right to a jury trial under the Jones Act, 46 U.S.C. § 30104(a), precludes arbitration of Jones Act claims because he believes this right cannot be waived in an arbitration agreement. He asserts that *Garrett v. Moore-McCormack Co.,* 317 U.S. 239, 246–47 (1942), established a policy prohibiting pre-employment arbitration agreements for Jones Act claims.

Tucker's Jones Act arguments are misguided. A party may validly waive their right to a jury trial in the maritime context just as in any other civil case. *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 126 (2d Cir. 2010). *Garrett* principally concerned agreements relieving maritime employers of *liability*. *Id*. at 241–42, 247–48. In that respect, it established a burden-shifting framework, holding that "the burden is upon one who sets up a seaman's release to show that it was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights." *Id*. at 248. As the Second Circuit made clear in *Harrington.*, 602 F.3d at 124, agreements providing for arbitration of a seaman's claims, rather than a release of

5

those claims, do not implicate *Garrett*. *See also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.").

Next, Tucker contends that the arbitration agreement was procured by "misrepresentation, fraud, [and] deceit[]" and is therefore void. Pl.'s Mot., 1. Specifically, Tucker argues that the agreement's exclusion of workers' compensation and unemployment insurance claims misled him to believe that all Jones Act claims would be excluded from arbitration.

As described above, the arbitration agreement Tucker signed was broad. It requires that any claim concerning Tucker's employment *except for* workers' compensation and unemployment insurance claims be arbitrated, and the agreement specifically included "tort claims" as arbitrable. The Jones Act is not a workers' compensation or unemployment insurance statute; on the contrary, it is often described as providing a "right of action in tort[.]" *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 62 (2d Cir. 2002); *Hernandez v. Trawler Miss Vertie Mae*, 187 F.3d 432, 436–37 (4th Cir. 1999). Because the contract specifically provides for arbitration of tort claims, its exclusion of workers' compensation claims could not reasonably be interpreted as excluding Jones Act claims. *Cf. Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252 (11th Cir. 2008) ("If the interpretation urged by one party is unreasonable in light of the contract's plain language, the contract is not ambiguous[.]"). Tucker provides no basis to conclude that defendants engaged in any fraud, deceit, or misrepresentation in procuring the arbitration agreement simply because he misinterpreted the contract.[1]

---

[1] And a party's unilateral misunderstanding is rarely ground for recission of a contract. *See Colonial Funding Network, Inc. v. Epazz, Inc.*, 252 F. Supp. 3d 274, 285 (S.D.N.Y. 2017) (Unilateral mistake is grounds for recission "only when there is no prejudice to the other party and the parties can be returned to status quo.").

Lastly, Tucker argues that, because the agreement did not specifically include Jones Act claims, his claims are not covered. But such argument is improperly addressed to this forum, as the agreement provides that "[a]ny controversy concerning whether an issue can be arbitrated shall be determined by the arbitrator."

### III.    Conclusion

For the foregoing reasons, defendants' motion to compel arbitration and stay this action pending arbitration is **GRANTED** and plaintiff's motion to declare the arbitration agreement void or unenforceable is **DENIED**.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 29, 2026